IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DIANNE M. BELLEW,

       **Plaintiff,**

v.                                                                              Case No.: 2:13-cv-22473

ETHICON, INC., et al,

       **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO COMPEL MEDICAL EXAMINATION

Pending before the court is Defendants' Motion to Compel Medical Examination of Plaintiff pursuant to Federal Rule of Civil Procedure 35. (ECF No. 69). Defendants argue that they are entitled to conduct an independent medical examination given that Plaintiff has placed her physical condition at issue in this civil action. They contend that Plaintiff has undergone a medical examination by her own expert, but refuses to submit to a similar examination by an expert selected by Defendants.

Plaintiff has filed a memorandum in opposition to the motion, (ECF No. 85), in which she emphasizes that Defendants' request for a medical examination should be denied for the simple reason that it is untimely. According to Plaintiff, her case was selected for bellwether status in January, and a scheduling order was entered in March 2014. Under the scheduling order, Defendants were required to serve expert reports no later than August 6, 2014. Despite that deadline, Defendants did not request an independent medical examination until September 2, 2014, well after both parties had

1

submitted expert reports, and just ten days before the close of all expert discovery. The undersigned heard oral argument from the parties on September 15, 2014.

Having fully considered the motion, the court **DENIES** same. Pretrial Order #110 provides that Plaintiff shall serve expert reports by July 7, 2014. (ECF No. 31). In this case, Plaintiff supplied a report prepared by Dr. Daniel S. Elliott, dated July 1, 2014, detailing his examination of Plaintiff and providing medical diagnoses. (ECF No. 69-2). Therefore, Defendants were placed on notice in early July that Plaintiff had retained an expert witness who had performed an examination on Plaintiff and intended to provide opinions regarding her current medical condition. Moreover, according to statements made during oral argument, Defendants' own expert witness, Dr. Christina Pramudji, suggested in her report, submitted in early August 2014, that she also wanted to conduct an independent medical examination of Plaintiff. One can reasonably infer from this statement that had Defendants asked Dr. Pradmudji to perform an examination prior to completing her expert report, she would have readily agreed to the request. However, Defendants' never sought to arrange Plaintiff's examination until September 2, 2014. By that time, a mere three days remained under the scheduling order for case specific discovery, and only ten days remained for completion of expert discovery, including the depositions of all expert witnesses and rebuttal experts. Defendants expected Plaintiff to travel from Arizona to Texas on three-days' notice in order to undergo the examination, or be forced to delay the procedure until the final week of expert discovery.

Federal courts do not agree on whether Rule 26 and Rule 35 are intended to be read independently or in conjunction with each other. *See Manni v. City of San Diego,* Case No. 11-cv-0435-W (DHB), 2012 WL 6025783, at *3 (S.D.Cal. Dec. 4, 2012) (collecting cases). If read together, reports issued under Rule 35 are subject to Rule

26(a)(2)'s disclosure requirements. Indeed, the latter position has been taken on at least one occasion by a court in this district. *Shumaker v. West,* 196 F.R.D. 454, 456 (S.D.W.Va. 2000). Nevertheless, even when courts have found a clear distinction between Rule 26 and Rule 35, such that "a Rule 35 exam does not necessarily have to be requested prior to expiration of the expert disclosure and discovery deadline … the distinction evaporates when the moving party attempts to use the Rule 35 examiner and Rule 35 report in the place of a Rule 26(a)(2) expert and expert report." *Perez v. Viens,* Case No. 4:09-cv-3206, 2011 WL 855673, at *3 (D. Neb. Mar. 8, 2011) (citations omitted). In other words, when the independent medical examination is performed for the purpose of providing, developing, or supplementing expert opinions (for instance, on topics such as the causation or extent of alleged injuries), then courts tend to agree that the witness and report are subject to the Rule 26(a)(2) deadlines.

Here, Defendants clearly intend to have Dr. Pradmudji, one of their designated expert witnesses, perform a medical examination upon Plaintiff in order to confirm or supplement Dr. Pradmudji's previously submitted opinions. Accordingly, any Rule 35 report submitted by Dr. Pradmudji would plainly constitute a Rule 26 report that could have and should have been served prior to the August 6 deadline. As Plaintiff argues in her opposition memorandum, Defendants offer no justification for their delay in requesting and arranging the examination. In response, Defendants assert that Plaintiff will not be prejudiced by the examination considering that trial in this case is not scheduled to begin until December 4, 2014. However, as Plaintiff points out, the standard for ordering a medical examination under Rule 35 is "good cause," not lack of prejudice to the opposing party. Any assessment of good cause in this context must include consideration of Defendants' diligence in pursuing the examination. Moreover,

some prejudice should be presumed in that the scheduling order is arranged in a particular fashion so that later activities can build upon earlier completed ones. Thus, expert reports are followed by depositions, which are followed by motions, and hearings on motions, then by designations of testimony, then resolution of objections to testimony and exhibits, and final trial preparations. The schedule is designed to work when tasks are finished on time and in sequence.

Wherefore, for the foregoing reasons, the undersigned finds that Defendants have not demonstrated good cause for their untimely request to conduct an independent medical examination of Plaintiff.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** September 16, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge