**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**DIANNE M. BELLEW,**

        **Plaintiff,**

**v.**                                                   **Case No.: 2:13-cv-22473**

**ETHICON, INC., et al,**

        **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Emergency Motion for Protective Order and/or Motion to Quash Notices of Deposition of Leo Stinnett, M.D. and Andrew Villa, M.D. (ECF No. 180). Defendants filed a response in opposition to the motion, (ECF No. 215), and Plaintiff filed a reply. (ECF No. 216). The parties argued their positions at a telephonic hearing on Friday, October 31, 2014. After fully considering the arguments of counsel, the court **GRANTS,** in part, and **DENIES**, in part, Plaintiff's motion.

First, Plaintiff asks the court to quash the deposition notice of Dr. Leo Stinnett, a treating physician that performed an appendectomy on Plaintiff in January 2014. According to Plaintiff, Defendants received a copy of Dr. Stinnett's medical chart on June 23, 2014. However, Defendants showed no interest in deposing Dr. Stinnett until August 28, 2014, a mere eight days before expiration of discovery. At that time, Defendants allegedly alerted Plaintiff to "a laundry list of potential witnesses" they might want to depose, including Dr. Stinnett. They then served a "placeholder" deposition notice of Dr. Stinnett as a way to preserve their right to depose him in the

1

future. The notice did not include a date, time, or location for the deposition, and ultimately, Defendants did not schedule Dr. Stinnett's deposition until November 6, 2014, more than two months after the close of discovery and less than one month before the start of trial.

Plaintiff argues that Defendants are unilaterally attempting to modify this court's Scheduling Order, although such orders may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). She complains that allowing Defendants to continue discovery well past the deadline places an undue and unfair burden upon her; particularly, as her counsel are currently consumed with motions *in limine*, making deposition designations, identifying exhibits, and completing other trial preparations. Taking Dr. Stinnett's deposition would require counsel to shift their focus, and divert time and resources to travel to Arizona to participate in a deposition that should have been done months ago.

Defendants assert that they should be permitted to take the deposition of Dr. Stinnett outside of the discovery deadline because they were diligent in pursuing his testimony, and "[t]he touchstone of 'good cause' under Rule 16(b) [for modifying a scheduling order] is diligence." *Marcum v. Zimmer,* 163 F.R.D. 250, 255 (S.D.W.Va. 1995). Defendants claim that they timely noticed Dr. Stinnett's deposition by serving Plaintiff with a placeholder notice of deposition prior to expiration of the discovery deadline, and thereafter, they expended significant effort attempting to schedule Dr. Stinnett's testimony as soon as possible. Unfortunately, Dr. Stinnett was unavailable the entire month of October, which meant the earliest date Defendants could obtain for his deposition was November 6, 2014. Accordingly, despite their best efforts, they simply could not meet the discovery deadline. Defendants contend that Dr. Stinnett's testimony

is highly relevant on the issue of Plaintiff's damages, as later-acquired hospital records reflect that his surgery in January 2014 involved the treatment of severe adhesions at the site of a prior appendectomy, and these adhesion could be the source of Plaintiff's current complaints of pain.

The exhibits supplied by both parties demonstrate that starting at the end of August, Defendants were diligent in pursuing Dr. Stinnett's deposition. Moreover, the undersigned accepts that through no fault of Defendants, Dr. Stinnett was unavailable the entire month of October, thus pushing the deposition to November 6, 2014. Nonetheless, when evaluating whether good cause exists to extend the discovery deadline for the deposition of Dr. Stinnett, the court must also examine what Defendants did or did not do earlier in the process. If critical records of Dr. Stinnett's treatment of Plaintiff were unavailable before late August, then Defendants could not reasonably have met the deadline despite their best efforts. *See Dent v. Montgomery Cty. Police Dept.,* 745 F.Supp.2d 648 (D.Md.2010) (citing *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 375 (D.Md.1999)). On the other hand, if Defendants had adequate information about Dr. Stinnett's treatment and simply delayed noticing the deposition, good cause does not exist.

Defendants received Dr. Stinnett's office records on June 23, 2014. Based on those records, Defendants made the decision to schedule Dr. Stinnett's deposition. Defendants offer no explanation in their written material or in oral argument for the two-month delay between their receipt of the medical records and service of the placeholder notice of deposition. Certainly, Defendants could have met the discovery deadline if they had requested Dr. Stinnett's deposition shortly after receiving his medical records. Moreover, they arguably could have provided reasonable notice under

Fed. R. Civ. P. 30(b)(1) and complied with the Scheduling Order if they had served Plaintiffs with a notice of deposition on August 28, 2014 that included a date, time, and place for Dr. Stinnett's deposition to occur on or before September 5, 2014. However, considering that Rule 30 does not recognize a "placeholder" notice of deposition, Defendants failed to provide reasonable notice of his deposition prior to expiration of the deadline, and failed to demonstrate good cause for their delay. Therefore, Plaintiff's motion to quash the notice of deposition of Dr. Stinnett and for an order prohibiting the deposition as being beyond the discovery deadline is **GRANTED.**

Second, Plaintiff requests that Dr. Andrew Villa's deposition likewise be prohibited. Plaintiff indicates that Dr. Villa is an obstetrician/gynecologist that evaluated her on one occasion in late August 2014. Plaintiff concedes that Defendants did not learn about Dr. Villa until after the close of discovery, and they immediately requested his deposition; however, she argues that Defendants should be precluded from deposing him because (1) he has very limited and tangential information regarding the issues in dispute; and (2) his deposition is not yet scheduled and may not be accomplished until the eve of trial.

To the contrary, Defendants claim that Dr. Villa has highly relevant information given that he performed a pelvic examination of Plaintiff and documented findings that contradict some of her complaints. Defendants point out that they could not possibly have deposed Dr. Villa prior to the deadline for discovery, since they only recently learned of his examination of Plaintiff.

In the case of Dr. Villa, the undersigned finds good cause to extend the discovery deadline for his deposition. Defendants first received Dr. Villa's records after the close of discovery and promptly requested his deposition. Therefore, they were diligent in

pursing his testimony. In light of the allegations in this case, Dr. Villa's examination is clearly relevant. In fact, Dr. Villa's findings may potentially be afforded significant evidentiary weight by a jury because the findings are recent, and Dr. Villa is not a retained expert witness, or (apparently) closely affiliated with either party. Consequently, Defendants should not be precluded from obtaining this discovery. For these reasons, Plaintiff's motion to quash the notice of deposition of Dr. Villa and to preclude his deposition is **DENIED**. Defendants are granted leave to depose Dr. Villa beyond the discovery deadline.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** November 3, 2014

Cheryl A. Eifert
United States Magistrate Judge