IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**DIANNE M. BELLEW,**

        **Plaintiff,**

v.                      **CIVIL ACTION NO. 2:13-cv-22473**

**ETHICON, INC., et al.,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**
*(Plaintiff's Motion for Partial Summary Judgment on Defendants' Separate Defenses)*

Pending before the court is Plaintiff's Motion for Partial Summary Judgment on Defendant Ethicon Inc.'s Separate Defenses ("Motion for Partial Summary Judgment") [Docket 133]. Responses and replies have been filed, and the motion is ripe for review. As set forth below, Plaintiff's Motion for Partial Summary Judgment [Docket 133] is **DENIED as moot in part** and **DENIED in part**.

I.      Background

This bellwether case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 67,000 cases currently pending, approximately 22,000 of which are in the Ethicon, Inc. MDL, MDL 2327. In this particular case, the plaintiff was surgically implanted with the Prolift Anterior Pelvic Floor Repair System ("Prolift"), a mesh product manufactured by Ethicon and Johnson & Johnson (collectively, "Ethicon") to treat POP. (*See* Short Form Compl. [Docket 1],

at 2).[1] The plaintiff received her surgery in Arizona. (*Id.* at 3). The plaintiff claims that as a result of implantation of the Prolift, she has experienced multiple complications, including mesh erosion, mesh contraction, inflammation, dyspareunia (pain during sexual intercourse), urinary incontinence, chronic pain, and recurring prolapse of organs. (Master Compl. ¶ 49). In addition, she had four additional operations to remove and revise the implanted mesh. (Pl. Fact Sheet [Docket 206-1], at 7). The plaintiff alleges negligence, failure to warn, design defect, common law fraud, fraudulent concealment, negligent misrepresentation, breach of express warranty, violation of consumer protection laws, gross negligence, and punitive damages. (Short Form Compl. [Docket 1], at 4).[2]

In the instant motion, the plaintiff moves for partial summary judgment on the following issues: (1) Separate Defenses 1, 67, 68: Failure to State a Cause of Action (2) Separate Defenses 13, 14, 30, 75, 76, 77, 78, and 79: "Any and All" Defenses; (3) Separate Defenses 3, 4, 5, 6, 7, 8, 9, 10, 11, 57, 58: No Possible Support; (4) Separate Defenses 49, 62: Improper Use/Misuse/Alteration of Product; (5) Separate Defenses 42, 50, 51, 52: Another Person Constituted an Intervening/Superseding Cause; (6) Separate Defense 33: Ethicon Acted in Good Faith and Gave Plaintiff Adequate Warnings; (7) Separate Defenses 45 and 74: Cap on Damages; (8) Separate Defense 55: Doctrine of Avoidable Consequences and Mitigation of Damages; and (9) Separate Defenses 15, 16, 17, 18, 19, 20, 22, 23, 24, 39, 59: FDA, MDA, and FDCA Issues. (Pl.'s Mem. of Law in Supp. of Mot. for Partial Summ. J. ("Pl.'s Mem. Supp.") [Docket 134]).

## II.  Legal Standards

---

[1] I have selected this case as a Prolift bellwether case in the Ethicon MDL. (*See* Pretrial Order # 98 [Docket 29], at 1).

[2] Since filing her short form complaint, the plaintiff has dropped several causes of action from her lawsuit. (*See* Pl.'s Opp. to Defs.' Mot. for Summ. J. [Docket 153], at 1 n.1 ("Ms. Bellew will not pursue any causes of action for manufacturing defect, breach of implied warranty, constructive fraud, unjust enrichment, negligent infliction of emotional distress, or 'strict liability—product defect' (except to the extent the latter encompasses design defect and failure to warn).")).

### a. Partial Summary Judgment

A partial summary judgment "is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case." Fed. R. Civ. P. 56 advisory committee's note. A motion for partial summary judgment is governed by the same standard applied to consideration of a full motion for summary judgment. *See Pettengill v. United States*, 867 F. Supp. 380, 381 (E.D. Va. 1994) (citing *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592. 595 (4th Cir. 1985)). To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor," *Anderson*, 477 U.S. at 256, that is, more than a mere "scintilla of evidence" in support of his or her position, *id.* at 252. Conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

### b. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases such as this. The choice of law for these pretrial motions depends on whether they involve federal or state law. Here, the plaintiff is an Arizona resident who was implanted with the Prolift in Arizona, but she filed her complaint directly into MDL 2327 in the Southern District of West Virginia. "For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product." *Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014); (*see also* Pretrial Order # 15, MDL 2327, at 2 n.2 ("A 'Directly Filed Case' is a case filed in the Southern District of West Virginia for inclusion in this MDL, but the Southern District of West Virginia does not necessarily have personal jurisdiction over the parties.")). Arizona is the originating jurisdiction, and the court must consult Arizona's choice-of-law principles to determine the substantive law applicable to the plaintiff's claims.

The parties do not appear to dispute that Arizona law applies to the substantive issues in this case, and Arizona's choice-of-law principles support their position. For tort claims, Arizona courts apply the "most significant relationship" test from the Restatement (Second) of Conflict of Laws (1971). *Bates v. Super. Ct.*, 749 P.2d 1367, 1369 (Ariz. 1988). Section 146 of the Second Restatement provides that in a personal injury case such as this, the court should apply "the local law of the state where the injury occurred . . . unless, with respect to the particular issue, some other state has a more significant relationship [ ] to the occurrence and the parties, in which event the local law of the other state will be applied." *Id.* (quoting Restatement (Second) Conflict of Laws § 146). Here, the alleged injury occurred in Arizona. As such, Arizona law applies unless another state has a more significant relationship to this case and these parties.

>To make this determination, the court should consider the following:
>
>(1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered.

*Id.* Each of these considerations points to applying Arizona law rather than another state's law—the injury occurred in Arizona; the allegedly defective product was implanted and warned about in Arizona; the plaintiff resides in Arizona; and the relationship between the parties exists only because of the implant surgery, which took place in Arizona. Therefore, Arizona law applies to the substantive claims in this matter.[3]

### III.  Analysis

Ethicon has withdrawn the defenses challenged in Sections I, II, III, IV, V, VI and VIII of the plaintiff's Memorandum in Support, with exceptions noted below. (Resp. to Pl.'s Mot. for Partial Summ. J. on Def.'s Separate Defenses ("Defs.' Resp. [Docket 144], at 2-3). Therefore, the plaintiff's motion for summary judgment with regard to the withdrawn defenses is **DENIED as moot**.

#### a.  Cap on Damages

In Sections II and II, the plaintiff challenges Ethicon's separate defenses 10 and 75 regarding defenses available under state law. Additionally, in Section VII, the plaintiff challenges Ethicon's separate defenses 45 and 74 regarding a cap on damages. The plaintiff argues that "Arizona's constitution prohibits limiting recoverable damages." (Pl.'s Mem. Supp. [Docket 134], at 8. However, I have previously determined that New Jersey law applies to the plaintiff's punitive damages claim. [Docket 281]. The New Jersey Punitive Damages Act caps punitive damages at five times the amount of compensatory damages or $350,000, whichever is

---

[3] This choice-of-law analysis does not apply to the issue of punitive damages, discussed briefly *infra*.

greater. N.J.S.A. 2A:15-5.14(c). Accordingly, the plaintiff's motion for summary judgment with regard to a cap on damages is **DENIED**.

### b. Statute of Limitations

In Section III, the plaintiff challenges Ethicon's separate defense 58 contending that the plaintiff's claims are barred by Arizona's two-year statute of limitations. (Pl.'s Mem. Supp. [Docket 134], at 4-5). I have previously determined that there is a genuine issue of material fact regarding when Ms. Bellew discovered or should have discovered that her mesh implant caused her injuries. [Docket 282]. Accordingly, the plaintiff's motion for summary judgment with regard to the statute of limitations is **DENIED**.

### c. Federal Preemption & FDA Regulations

Lastly, in Section IX, the plaintiff challenges Ethicon's separate defense 15 regarding federal preemption and Ethicon's separate defenses 16, 18, 20, 22, 23, 24, 31, 39, and 59 regarding FDA regulations. I decline to rule on the issues of federal preemption and evidence related to the FDA 510(k) process here, given that the court will address these issues in response to Ethicon's Motion for Partial Summary Judgment Based on Preemption of Certain Claims [Docket 124] and the plaintiff's Motion that Ethicon Cannot Defend Based on 510(k) Clearance or Compliance [Docket 202]. Accordingly, the plaintiff's motion for summary judgment with regard to federal preemption and FDA regulations is **DENIED as moot**.

### IV. Conclusion

For the reasons set forth above, the Plaintiff's Motion for Partial Summary Judgment on Defendant Ethicon Inc.'s Separate Defenses [Docket 133] is **DENIED as moot in part** and **DENIED in part**. The court **DIRECTS** the

Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 24, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE